UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Nicolas Vrataric | Willie Williams |

**Proceedings:**  **PLAINTIFF'S MOTION FOR REMAND** (filed 11/13/07)

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) AND (3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** (filed 10/18/07)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2007, plaintiff filed a complaint in the Ventura County Superior Court against Alexandra Van Cleve ("Van Cleve") and Garry Gordon ("Gordon"), and two companies owned by them, Longevity Plus, LLC ("LP") and Gordon Research Institute, LLC ("GRI") (collectively, "defendants"). Plaintiff filed a first amended complaint ("FAC") on August 27, 2007. Plaintiff alleges that he owns and operates a business that trains hunter/jumper horses. FAC ¶ 10. Plaintiff alleges that from around September 2006 until May 2007, he cared for and trained several of Van Cleve's horses. Id. ¶ 11. Plaintiff alleges that Van Cleve has improperly failed to pay him $13,400 for these services. Id. ¶ 26.

Plaintiff further alleges that in November 2006, Van Cleve and Gordon hired him as an executive vice president of LP and GRI at a base salary of $150,000, plus 10% of net profits in the first year, 25% of net profits in the second year, in addition to a 25% interest in LP and GRI. Id. ¶¶ 13, 17. Plaintiff alleges that in this capacity, he assisted LP and GRI with various financial management, accounting, and tax matters. Id. ¶¶ 12, 13, 18, 20, 21. According to plaintiff, he performed his duties in Arizona an average of three days each month, working in California for the remainder of the time. Id. ¶ 15. Plaintiff alleges that he was wrongfully terminated from this position. Id. ¶¶ 20-22. Plaintiff alleges that he detrimentally relied on the representations of Van Cleve and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

Gordon that he would not be terminated. Id. ¶¶ 14, 22.

Plaintiff also alleges that Van Cleve and Gordon have failed to honor their promise to pay plaintiff a percentage of the sales of a health supplement that plaintiff developed. Id. ¶ 18. Additionally, plaintiff alleges that defendants have represented that they will not pay plaintiff his *pro rata* share of any recovery obtained by defendants in an action now pending in the United States District Court for the District of Arizona, in which LP is a party defendant and counter-claimant. Id. ¶ 19.

In addition, plaintiff alleges that Van Cleve falsely stated to "various vendors and other members of the horse community" that plaintiff had forged checks and that charges had been filed against plaintiff. Id. ¶¶ 23-24. Plaintiff also alleges that Van Cleve falsely stated to "prospective clients and business contacts" of plaintiff's that plaintiff made misrepresentations to her in regard to his training of her horses and that he had forged checks. Id. ¶ 25. Plaintiff alleges that these statements have damaged his reputation in the competitive horse riding community. Id.

Plaintiff alleges against Van Cleve claims for (1) open book account; (2) account stated; (3) quantum meruit; (4) breach of oral contract; (5) defamation; and (6) interference with prospective economic advantage. Against all defendants, plaintiff alleges claims for (1) wrongful termination; (2) breach of implied covenant of good faith and fair dealing; (3) wrongful termination in violation of public policy; (4) declaratory relief; (5) violation of California Labor Code § 201; and (6) violation of California Business & Professions Code § 17200. Plaintiff requests compensatory and exemplary damages; attorney's fees and waiting time penalties in the amount of $18,750, pursuant to California Labor Code § 203; injunctive and declaratory relief, and costs.

On October 11, 2007, defendants timely removed the action to this Court on the basis of diversity jurisdiction. On October 18, 2007, defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3), or in the alternative, to transfer venue. Plaintiff filed an opposition thereto on November 16, 2007. Defendants filed their reply on December 3, 2007.

On November 13, 2007, plaintiff filed the instant motion to remand. Defendants filed an opposition thereto on November 26, 2007. Plaintiff did not file a reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

A hearing was held on December 10, 2007.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    DISCUSSION

### A.    Motion to Remand

#### 1.    Complete Diversity

Plaintiff asserts that he is a citizen of California.  He does not dispute that Van Cleve and Gordon are Arizona citizens.  However, plaintiff argues that defendants have made no showing that LP and GRI are not California citizens.  Accordingly, plaintiff argues, defendants have not carried their burden of showing that there is complete diversity of the parties, such that this Court lacks subject matter jurisdiction.

LP and GRI are limited liability companies.  Pl.'s Mot. to Remand 7; FAC ¶¶ 4, 5. Opp'n to Remand 8.  In the Ninth Circuit, LLCs are treated like partnerships for the purposes of diversity jurisdiction.  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  An LLC is thus a citizen of ever state of which its owners/members are citizens.  Id.

Van Cleve asserts that she is the only member of LP.  Van Cleve Declaration ¶ 6. Gordon asserts that he is the only member of GRI.  Gordon Declaration ¶ 6. Because there is no dispute that Van Cleve and Gordon are Arizona citizens, defendants have carried their burden of establishing that LP and GRI are Arizona citizens.  Plaintiff presents no evidence to rebut defendants' assertions that none of the members of LP or GRI are California citizens.  Accordingly, the Court finds and concludes that there is complete diversity of the parties.

#### 2.    Amount in Controversy Requirement

Plaintiff argues that the amount in controversy requirement has not been met, such that this Court lacks subject matter jurisdiction and the action should be remanded. Plaintiff notes that the damages specified in the complaint -- $13,400 and $18,750 -- are below $75,000, and that plaintiff presently lacks sufficient information to determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|----------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

whether the amount in controversy exceeds the jurisdictional amount.

Defendants have met their burden of showing that the amount in controversy exceeds $75,000.  First, plaintiff does not dispute that his damages for wrongful termination would theoretically be his lost wages from the time of his employment termination.  See Armendariz v. Found. Health Psychcare Servs., 24 Cal. 4th 83, 121 (2000) (noting that damages for prospective future earnings are a "common and often substantial component of contractual damages in a wrongful termination case.").  According to the FAC, as an employee of LP and GRI, plaintiff was entitled to, among other things, a base salary of $150,000, or $12,500 per month.  FAC ¶ 13.  Plaintiff further alleges that he was terminated on or about May 15, 2007.  Id. ¶ 22.  This action was removed on October 11, 2007.  Therefore, the aggregate of plaintiff's claimed damages for his lost wages from the time of his termination until the date of removal appears to be between $50,000 and $62,500.

Plaintiff also alleges that his employment compensation included, in addition to his base salary, 10% of LP's and GRI's net profits in the first year -- beginning in November 2006.  FAC ¶ 13.  According to defendants, LP and GRI have realized a combined profit of approximately $550,000 in the current calendar year, 10% of which is $55,000.  Van Cleve Decl. ¶ 15; Gordon Decl. ¶ 15.  Additionally, plaintiff alleges that he is entitled to a 25% interest in LP and GRI.  FAC ¶ 13.  According to defendants, LP and GRI are worth more than $650,000, 25% of which amount is $162,500.  Plaintiff has not disputed these figures.  Plaintiff further seeks attorneys' fees, pursuant to California Labor Code § 203.

Based on the foregoing forms of claimed relief, it appears that the jurisdictional amount has been met in this action.  Because there is complete diversity and the jurisdictional amount has been met, the Court DENIES plaintiff's motion to remand for lack of diversity jurisdiction.

**B.    Personal Jurisdiction**

**1.    Legal Standard**

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

(9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
> (2) the claim must arise out of or result from the defendant's forum-related activities; and
> (3) exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|------------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

not satisfied, personal jurisdiction is not established.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

The purposeful availment prong is treated differently in a contracts case.  Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction ," a court must evaluate four factors to determine whether this prong is met: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing.  Burger King, 471 U.S. at 478-79.

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied.  Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477).  The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.  Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001).  Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, supra, 27 F. Supp. 2d at 1181.

**2.      Analysis**

Defendants argue that there is no personal jurisdiction over them, such that this action must be dismissed.  First, it is undisputed that there is no "traditional" basis for personal jurisdiction because service of process did not occur in California, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|----------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

are not domiciled in California, and defendants do not consent to jurisdiction in California. The question presented is whether defendants' contacts with California are such that they are subject to personal jurisdiction. When assessing minimum contacts for jurisdictional purposes, each defendant's contacts with the forum state must be assessed individually. Calder v. Jones, 465 U.S. 783, 790 (1984).

### a.    Van Cleve and Gordon

Plaintiff has pointed to no evidence indicating a basis for general personal jurisdiction over Van Cleve or Gordon. The Court considers whether there is specific personal jurisdiction.

### i.    Horse Training Claims Against Van Cleve

As to plaintiff's contract claims regarding the training of Van Cleve's horses, it is apparent that the purposeful availment prong has been met. It is undisputed that the horses in question were to be cared for by plaintiff in California. While defendants argue that plaintiff's services were substandard; and that plaintiff was, in fact, abusive to the horses; they do not dispute that what services plaintiff rendered, he rendered in California. Moreover, while defendants assert that the contract for the training of the horses was entered into in Arizona and substantially performed there, they fail to support these assertions with evidence.[1] By leaving her horses in the care of a trainer located in California, the reality of the situation is that Van Cleve purposely availed herself of the protection and benefits of California law.

Turning to the second prong in the specific personal jurisdiction analysis, plaintiffs' claims for open book account, account stated, quantum meruit, and breach of contract plainly arise from the horse training contract. Finally, after balancing the

---

[1] Defendants rely on Van Cleve's declaration. In her declaration, Van Cleve states that she agreed to send her horses to plaintiff for training, but she does not state that this agreement occurred in Arizona. Van Cleve Decl. ¶ 15. Additionally, while Van Cleve states that plaintiff came to Arizona "on several occasions" and reported on the progress and condition of her horses, she does not dispute that her horses were kept in California throughout the contracting period. Id. ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

relevant factors, the Court concludes that the assertion of personal jurisdiction over Van Cleve with respect to these claims is reasonable. In this regard, the Court notes in particular that the extent of plaintiff's purposeful availment is considerable because by negotiating and entering into a contract with a California trainer and then sending her horses to California for training, she expressly aimed her conduct at this forum. Additionally, California's interest in adjudicating a dispute involving the care and training of horses in California strongly weighs in favor of the assertion of personal jurisdiction. For these reasons, the Court finds and concludes that there is specific personal jurisdiction over Van Cleve with respect to these claims.

### ii. Defamation and Interference with Prospective Economic Advantage Claims Against Van Cleve

Plaintiff alleges that Van Cleve falsely stated to others that he had forged checks and that he had made misrepresentations regarding the training of her horses. Plaintiff has not identified the persons to whom these alleged statements were made, nor where these persons were at the time.[2] Plaintiff alleges that the alleged statements were made to persons in the "horse community" and to plaintiff's "prospective clients and business contacts." FAC ¶¶ 24, 25.

In determining whether there is personal jurisdiction over Van Cleve as to these claims, which sound in tort, the Court applies the "effects" test, set forth in <u>Calder v.</u>

---

[2] Plaintiff makes specific reference to only one defamatory remark allegedly made by Van Cleve. This remark is in the form of a an electronic message, purportedly written by Van Cleve, which states, in substance, that plaintiff made misrepresentations in connection with the training of her horses and that he signed stolen bank checks without authorization. FAC, Ex. A. While it is unclear to whom this purported electronic message was sent, an address that appears on this document suggests that it was sent to an individual in Colorado. <u>Id.</u>

On the other hand, plaintiff mentions in his opposition to defendants' motion to transfer venue that one or more witnesses to Van Cleve's alleged defamatory statement reside in California. This assertion, however, is not supported by plaintiff's declaration or any other evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | | Date | December 10, 2007 |
|---|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | | |

Jones, 465 U.S. 783, 789-90 (1984). This test inquires into whether a nonresident defendant "purposely directs his activities" at the forum state. Id. The effects test has three requirements: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id.

Plaintiff's defamation and interference with prospective economic advantage claims satisfy all three requirements. Van Cleve's alleged defamatory statements constitute intentional acts. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 806 (9th Cir. 2004) (construing "intent" in the context of the "intentional act test" as "referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act."). Because Van Cleve was certainly aware that plaintiff's business is in California, these alleged defamatory statements were expressly aimed at the forum state. Further, because Van Cleve would have known that these statements would cause harm to plaintiff's California business, she would have known that the harm would be suffered in California.

The Ninth Circuit has observed that "the circulation of the defamatory material in the forum state is an important factor in the minimum contacts analysis for a defamation action." Casualty Assurance Risk Insur. Brokerage Co. v. Dillon, 976 F.2d 596, 599 (9th Cir. 1992). However, in this case, the Court does not find that plaintiff's failure to plead that the alleged defamatory statements were made to persons in the forum is controlling. Instead, the Court finds Gordy v. Daily News, L.P., 95 F.3d 829 (9th Cir. 1996), instructive.

In Gordy, the plaintiff, a California resident, sued the New York Daily News and one of its columnists for allegedly publishing a libel. Id. at 830-31. Because the defendants wrote and published the allegedly defamatory material intentionally directing it at the plaintiff, the court concluded that it had jurisdiction. Id. at 833. In reaching this conclusion, the court rejected the defendants' argument that because only 13 to 18 copies of the defamatory article were distributed to subscribers in California, there was insufficient contact with the forum. Id. at 834. The court noted that distribution of the article to subscribers in California was not random, fortuitous, or necessarily isolated. Id. at 833-34; citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984). However, the court observed that it was "most important" to examine the "entire picture," and it eschewed a "categorical approach" or "the application of a mechanical test," instead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|------------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

favoring an approach that focused on "the relationship among the defendant, the forum, and the litigation within the particular factual context of each case." Gordy, 95 F.3d at 834; quoting Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487 (9th Cir. 1993). In Gordy, the court found, where a small number of subscriptions were distributed in the state where the plaintiff lived and would suffer the most damage to his reputation, there was a sufficient nexus between the defendants' alleged conduct and the forum state to warrant the assertion of personal jurisdiction. Gordy, 95 F.3d at 834.

In this case, the alleged defamatory statements were directed at and designed to cause harm in California, even if they were made to persons outside of California. Plaintiff has pled that the alleged defamatory statements were made to persons in the "horse community," as well as to prospective clients and business associates. That these persons may reside outside of California, does not necessarily indicate that plaintiff's business and reputation was unharmed. As the facts of the instant case demonstrate, plaintiff's business is capable of attracting customers from across state lines. Under these circumstances, in making the alleged defamatory statements to persons who were of professional importance to plaintiff, Van Cleve would have known that the brunt of the purported injury would be felt in California, where plaintiff lives and works, regardless of whether she made these statements in California or elsewhere. Therefore, she would have reasonably anticipated being haled into court in California to answer for the truth of her alleged statements. See Calder v. Jones, 465 U.S. 783, 789-90 (1984).

Turning to the latter two prongs of the test for specific personal jurisdiction, plaintiff's claims plainly arise from the alleged defamatory statements. Additionally, the assertion of personal jurisdiction as to these claims is reasonable. Because of the potentially drastic effect on plaintiff's business as a result of the alleged defamatory statements, the extent of Van Cleve's purposeful availment is considerable. California has a strong interest in protecting its citizens and business interests against defamatory statements such as those alleged. Additionally, plaintiff has a strong interest in obtaining swift and effective relief.

Furthermore, it would not be unduly burdensome for Van Cleve to be haled into court in California given her regular travel to this state. Van Cleve goes to California to visit horses located in California and to attend equestrian events. Van Cleve Decl. ¶ 5. From September 2006 to May 2007, Van Cleve attended three horse shows in California. Van Cleve Supp. Decl. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|------------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

Accordingly, the Court concludes that there is specific personal jurisdiction over Van Cleve in respect to the defamation and interference with prospective advantage claims.

### iii. Claims Relating to Plaintiff's Employment with LP and GRI Against Van Cleve and Gordon

Plaintiffs' claims for wrongful termination and breach of the implied covenant of good faith and fair dealing arise in contract, while his claims for wrongful termination in violation of public policy and for violation of California Business and Professions Code § 17200 sound in tort. Williams v. Herman Goelitz Candy Co., 1994 U.S. Dist. LEXIS 21575, *8 n.2 (E.D. Cal. 1994); citing Foley v. Interactive Data Corp., 47 Cal. 3d 654 (1988). Under either the contract or tort test, there is specific personal jurisdiction over Van Cleve and Gordon with regard to these claims.

The record reflects that it was in California where Van Cleve began to negotiate with plaintiff about his providing services to LP. Slaughter Decl. ¶ 17; Van Cleve Decl. ¶¶ 18-19. Eventually, plaintiff and Van Cleve agreed that plaintiff would provide these services. Slaughter Decl. ¶ 18; Van Cleve Decl. ¶ 19. Plaintiff asserts that subsequently, in California, Van Cleve asked plaintiff to work for LP and GRI. Slaughter Decl. ¶ 20.

According to plaintiff, plaintiff informed Van Cleve and Gordon that he was reluctant to leave California because his horse business and family were located there. Slaughter Decl. ¶ 22. Plaintiff asserts that both Van Cleve and Gordon assured him that he would be able to work from California and that he would have to work in Arizona only a few days each month. Id. ¶ 23. Further, according to plaintiff, both Van Cleve and Gordon offered him a salary in addition to a stake in both LP and GRI. Id. ¶ 24. Plaintiff asserts that in his capacity as an employee of LP and GRI, he was responsible for "sorting" personal expenses that Van Cleve and Gordon charged to LP and GRI. Id. ¶ 31. Plaintiff alleges that he was terminated by both Van Cleve and Gordon. FAC ¶ 22.

Defendants dispute many of these assertions, denying that plaintiff was an employee of LP or GRI and asserting that that what services plaintiff performed for LP mostly occurred in Arizona. Van Cleve Decl. ¶¶ 8, 12. However, in determining whether plaintiff has set forth a prima case for personal jurisdiction, the Court must resolve conflicts between the parties' declarations in plaintiff's favor. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

Based on the above facts, the Court finds that Van Cleve and Gordon were aware that plaintiff resided in California and that they contemplated that plaintiff would perform his services in California. Additionally, for present purposes, the Court accepts plaintiff's assertions that he performed his services in California. In light of these findings, the Court concludes that Van Cleve and Gordon purposely availed themselves of the protections of the forum state when they hired plaintiff, such that they reasonably should have expected being haled into court in California to answer for plaintiff's contract claims regarding his allegedly wrongful termination.

With respect to the claims sounding in tort, Van Cleve and Gordon's allegedly wrongful termination of plaintiff constitutes an intentional act. Moreover, because Van Cleve and Gordon knew that plaintiff resided in California, their alleged wrongful termination of plaintiff was expressly aimed at this forum. See Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (stating that a defendant expressly aims its conduct at the forum state "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state."). Additionally, because Van Cleve and Gordon had this knowledge, they would have known that a harm would be suffered in California. Accordingly, plaintiff has established a prima facie case of purposeful availment with respect to these claims against Van Cleve and Gordon. See Swensen v. Murchison, 507 F. Supp. 509, 512-13 (N.D. Cal. 1981) (purposeful availment prong satisfied where the nonresident defendant recruited and provided support for the plaintiff, who resided in the forum state, to perform consulting services to defendant from within the forum state).[3]

---

[3] At oral argument, counsel for defendants argued that the aforementioned acts by Gordon, creating contacts between him and California, were performed in his official capacity, on behalf of GRI. Thus, defendants argue, for the purposes of determining Gordon's minimum contacts, these acts are attributable to GRI, not to Gordon, and they accordingly do not support the assertion of personal jurisdiction over Gordon. In this regard, defendants rely on Shearer v. Super. Ct., 70 Cal. App. 3d 424, 430 (1977), and Colt Studio, Inc. v. Badpuppy Enter., 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999) ("acts performed by [the appointed representatives of corporations], in their official capacities, cannot reasonably be attributed to them as individual acts creating personal jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

Colt Studio relied on Shearer and Mihlon v. Super. Ct., 169 Cal. App. 3d 703 (1985), for the proposition that the official acts of a corporate officer or director are immaterial to the question of the individual's minimum contacts. Colt Studio, 75 F. Supp. 2d at 1111; Mihlon, 169 Cal. App. 3d at 713 ("it is well established by California case law that for jurisdictional purposes the acts of corporate officers and directors, in their official capacities, are acts exclusively of (qua) the corporation, and are thus not material for purposes of establishing minimum contacts as to individuals."); Shearer, 70 Cal. App. 3d at 430 (individual defendants who acted as the agents of corporate defendants were not subject to California jurisdiction for an action upon a contract made on behalf of the corporation).

However, the Supreme Court, in Calder v. Jones, 465 U.S. 783, 790 (1984), held that individual defendants' status as employees did not insulate them from jurisdiction. The jurisprudence that has developed in Calder's wake has called into question the authorities upon which Colt Studio relied. See Davis v. Metro Prods, Inc., 885 F.2d 515, 522 (9th Cir. 1989) (applying Arizona's long-arm statute, which also extends to the limits of constitutional due process, and rejecting corporate officer defendants' arguments that they were protected from jurisdiction by a fiduciary shield; the correct jurisdictional inquiry analyzed the contacts of each defendant with the forum state); Seagate Tech. v. A.J. Kogyo Co., 219 Cal. App. 3d 696, 701 (1990) (rejecting Mihlon's principle that the official acts of officers and directors are immaterial to the question whether they were individually subject to jurisdiction); see also PLS-Pac. Laser Sys. v. TLZ Inc., 2007 U.S. Dist. LEXIS 53176, *21-22 n.4 (N.D. Cal. 2007) (in light of Calder, rejecting Colt Studio's statement that the official acts of corporate officers and directors are irrelevant to the question of minimum contacts). Rather than follow Colt Studio, the Court adopts the view that an employee, officer, or director may be subject to personal jurisdiction where the individual is a "primary participant" in the alleged wrongdoing; i.e., where the individual had "control of, and direct participation in the alleged activities." Wolf Designs, Inc. v. DHR Co., 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) (citing Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985). Because in this case, Gordon is alleged to have directly engaged in the alleged wrongful acts directed at the forum state, these acts are properly considered in determining that the purposeful availment prong has been satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|----------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

Turning to the latter two prongs of the specific jurisdiction test, it is apparent that these claims arise from Van Cleve's and Gordon's connections with California. Furthermore, it is reasonable to exercise jurisdiction. First, and contrary to defendants' contentions, the extent of their purposeful availment is great, given plaintiff's assertions that he was told that he could work mostly in California and that ultimately, this is what he did. Second, the Court is unpersuaded by defendants' arguments that it would be burdensome for them to litigate this matter in California. Van Cleve, as discussed *supra*, travels to California at least several times a year. Gordon lectures in California one to two times a year and consults with clients there. Gordon Decl. ¶ 5, 10. Because it appears that Van Cleve and Gordon travel to California on at least a semi-regular basis, it is not unduly burdensome for them to litigate this matter in this forum. By contrast, plaintiff appears to have no present connections with Arizona. Thus, plaintiff has a strong interest in adjudicating this action in California.

Accordingly, the three-pronged specific personal jurisdiction test is satisfied with respect to these claims against Van Cleve and Gordon.[4] Defendants' motion to dismiss

---

[4] With respect to plaintiff's wrongful termination claims against Van Cleve, there is also pendent personal jurisdiction. See Action Embroidery Corp v. Atl. Embroidery, Inc., 368 F.3d 1174, 1181 (9th Cir. 2004). The Ninth Circuit has explained pendent personal jurisdiction as follows.

> Under this doctrine, a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction . . .

> When a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts. We believe that judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties is best served by adopting this doctrine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

these claims is DENIED.

At oral argument, counsel for defendants requested that limited discovery be conducted on the question of personal jurisdiction over Gordon. Based on the foregoing, the Court finds that discovery on this question is inappropriate. The Court DENIES this request.

### b.    LP and GRI

### i.    General Jurisdiction

LP and GRI are single-member limited liability companies formed under Arizona

---

Like our sister circuits, we hold that the actual exercise of personal pendent jurisdiction in a particular case is within the discretion of the district court. "The district court may have discretion to dismiss the pendent claims where considerations of judicial economy, convenience and fairness to litigants so dictate."

Id.; quoting Oetiker v. Werke, 556 F.2d 1, 5 (D. C. Cir. 1977); see e.g. CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1113 (9th Cir. 2004).

As discussed *supra*, there is jurisdiction over plaintiff's claim for defamation against Van Cleve. This claim alleges, in part, that Van Cleve falsely stated to others that plaintiff wrote bank checks without authorization. This allegation is intertwined with plaintiff's claims regarding the termination of his employment with LP and GRI because defendants argue that one reason for plaintiff's termination was that he wrote bank checks without authorization. Motion to Dismiss 6:18-22. Therefore, plaintiff's claim for defamation on the one hand, and his claims regarding the termination of his employment, on the other, arise from the same common nucleus of operative facts, to wit, the set of facts relating to plaintiff's employment termination. Accordingly, in the interests of judicial economy, convenience, and fairness to the litigants, the Court, in its discretion, determines that it is proper to assert personal jurisdiction over Van Cleve for these claims on this alternative ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

law.  Van Cleve Decl. ¶ 8; Gordon Decl. ¶ 8.  According to defendants, neither company has any offices, employees, or business operations in California.  Van Cleve Decl. ¶ 12; Gordon Decl. ¶ 12.

Plaintiff has not pointed to facts showing that LP or GRI is subject to general jurisdiction.  Plaintiff asserts, based on his "relationship and conversations" with Van Cleve and Gordon, that LP sells vitamin supplements through its website, a "significant portion" of which are sold to California residents.[5]  Slaughter Decl. ¶ 50.  This factual assertion, however, is too vague to be a basis for general jurisdiction.  First, it is unclear what would constitute a "significant portion" of LP's overall sales.  Second, even if the Court were to assume that the majority of LP's sales are made in California, because plaintiff has provided no information regarding LP's overall sales, there would be no way to determine whether these sales amount to systematic and continuous business contacts in California giving rise to general jurisdiction.  See Bancroft & Masters v. Augusta Nat'l, 223 F.3d 1082, 1086 (9th Cir. 2000).

Plaintiff further asserts that LP distributes its vitamin supplements in California through at least three physician providers.[6]  Id. ¶ 51.  However, local sales through independent sales representatives are not enough, by themselves, to subject a nonresident company to local jurisdiction in an action unrelated to those sales activities.  Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242-43 (9th Cir. 1984).

Nor does plaintiff's employment by LP and GRI make these companies subject to general jurisdiction.  There is no general jurisdiction over these companies, and the Court now turns to the question of specific jurisdiction.

### ii.     Specific Jurisdiction

As discussed above, plaintiff's claims against LP and GRI sound in contract and tort.  Under either the contract test or the tort test, there is specific personal jurisdiction

---

[5] According to Van Cleve, California residents account for approximately three percent of LP's sales over the Internet.  Van Cleve Supp. Decl. ¶ 10.

[6] Van Cleve denies that these physicians are suppliers.  Van Cleve Supp. Decl. ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|----------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

over LP and GRI.

The Court first considers the contract claims. With respect to purposeful availment, as discussed *supra* in Section II.B.2.a.iii., the Court accepts, for present purposes, that negotiations between plaintiff and defendants regarding plaintiff's employment occurred, at least in part, in California. The Court further accepts that plaintiff was assured by representatives of LP and GRI that he could perform most of his services in California.

Additionally, the Court accepts plaintiff's assertion that the majority of his services on behalf of LP and GRI were performed in California. Plaintiff asserts that he was defendants' "crisis manager" and that he was responsible for handling all of LP's and GRI's problems, including those pertaining to human resources, tax liens, compliance with government regulations, contract negotiations, and product development. Slaughter Decl. ¶ 26. Plaintiff further asserts that between November 2006 and May 2007 he worked for LP and GRI approximately 60 hours a week in California and that, in a day, he would often respond to 30 or more "emergency" electronic messages regarding the companies. Id. ¶¶ 29, 30. Plaintiff asserts that over the course of the six months that he worked for the companies, he traveled to Arizona eight times, for a total of 16 days. Id. ¶ 56.

Resolving conflicts between the parties' declarations in plaintiff's favor, the Court finds that the parties contemplated that plaintiff would perform his services on behalf of LP and GRI in California and that this was, in fact, their course of dealing. Plaintiff's services were for the benefit LP and GRI, companies that are located in Arizona. However, because defendants were aware that plaintiff was a California resident when they accepted his services, and because, for present purposes, the Court accepts plaintiff's assertions that he mostly performed his services in California, plaintiff has made a prima facie showing of purposeful availment as to his contract claims against LP and GRI.

Similarly, as to plaintiff's tort claims, the aforementioned conduct by LP and GRI and plaintiff's allegedly wrongful termination constitute intentional acts, expressly aimed at California, which caused harm that LP and GRI knew would be suffered in California, where plaintiff lives. Thus, plaintiff has made a prima facie showing of purposeful availment as to these claims as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|----------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

The second prong of the specific personal jurisdiction test is satisfied because plaintiff's claims arise from these contacts. Finally, as with Van Cleve and Gordon, defendants have not shown that it is unreasonable to hale LP and GRI into court in California. As with Van Cleve and Gordon, the extent of LP's and GRI's purposeful availment is considerable. Furthermore, the Court is unpersuaded by defendants' assertions that it will be burdensome for them to litigate this matter in California. As discussed above, LP's and GRI's principal officers -- Van Cleve and Gordon, respectively -- travel to California at least several times a year. LP representatives "occasionally" attend trade shows in California. Van Cleve Decl. ¶ 13. Gordon travels to California one to two times a year to give lectures and consult with clients on GRI's behalf. Gordon Decl. ¶¶ 5, 10. Because it appears that the officers and agents of LP and GRI travel to California and transact business in California on at least a semi-regular basis, it is not unduly burdensome for these companies to be haled into court in this forum. Again, it is comparatively more burdensome to force plaintiff to adjudicate his claims in Arizona, given that he appears to lack contacts there.

Furthermore, California's interest in adjudicating matters involving contractual breaches and tortious conduct that harm its citizens and businesses militates in favor of personal jurisdiction. Additionally, because the claims against LP and GRI are intertwined with plaintiff's claims regarding Van Cleve's alleged defamatory remarks, which are in turn related to plaintiff's claims regarding the training of Van Cleve's horses, and because it would be simpler to adjudicate all of these interrelated claims before a single tribunal, concerns of efficiency militate in favor of the assertion of personal jurisdiction over the companies.

Accordingly, all three prongs of the specific personal jurisdiction test have been satisfied with respect to plaintiff's claims against LP and GRI. The Court DENIES defendants' motion to dismiss plaintiff's claims against these defendants.

**C.   Improper Venue**

Defendants argue that venue is improper under the general venue statutes, 28 U.S.C. §§ 1391 and 1406. In a diversity action, venue is generally proper where the defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a). However, because defendants removed this action from state court, 28 U.S.C. § 1441(a), governing the removal of actions, determines

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|----------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

whether venue is proper.  <u>Polizzi v. Cowles Magazines, Inc.</u>, 345 U.S. 663, 665 (1953).  Under § 1441(a), where a case is removed to the district where the state action was pending, venue is proper.[7]  Because this action was removed from the Ventura County Superior Court, a place embraced by this District, venue is proper in this District.

Even if venue were improper in state court, venue would be proper in this District pursuant to 28 U.S.C. § 1441(e), because under this provision, federal courts may hear matters without needing jurisdiction derived from state court.  <u>See</u> <u>IBC Aviation, Inc. v. Compania Mexicana de Aviacion</u>, 125 F. Supp. 2d 1008, 1014 (N.D. Cal. 2000).

Therefore, the Court DENIES defendants' motion to dismiss for improper venue.

**D.     Transfer Venue**

    **a.     Legal Standard**

Even where venue is proper, transfer may be appropriate pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).  In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  28 U.S.C. § 1404(a); <u>see</u> <u>Los Angeles Mem'l Coliseum Comm'n v. NFL</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981).  The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer.  <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 278-279 (9th Cir. 1979); <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").  The decision to transfer lies within the sound discretion of

---

[7] Section 1441(a) provides, in pertinent part, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

**b.    Analysis**

**i.    Convenience of the Parties**

As discussed above, LP and GRI have multiple contacts in California. Van Cleve and Gordon travel to California several times a year. By contrast, defendants have not shown that plaintiff has any contacts with Arizona at all. This factor weighs against the transfer of venue.

**ii.    Convenience of Witnesses**

Defendants argue that most of the key witnesses reside in Arizona. In addition to Van Cleve and Gordon, defendants point to a number of current and former employees of LP and GRI who are Arizona residents, including LP's accountant and GRI's accountant. Defendants argue that these persons are competent to offer testimony regarding the services that plaintiff performed. Additionally, defendants contend that these witnesses may not be subject to compulsory process to provide testimony.

On the other hand, plaintiff argues that key witnesses are located in California, including himself and his wife, with whom Van Cleve and Gordon allegedly discussed matters regarding plaintiff's employment. FAC ¶ 14. Plaintiff further contends that other witnesses in California are competent to testify that plaintiff performed his services for LP and GRI in California. Slaughter Decl. ¶ 57. Additionally, plaintiff argues that one or more witnesses to Van Cleve's alleged defamatory statements are located in California. Moreover, in response to Van Cleve's assertion that plaintiff used harsh training techniques with her horses -- see Van Cleve Dec. ¶ 16 -- plaintiff maintains that there are witnesses in California who are available to testify to the contrary, including Van Cleve's witness to the alleged abuse, a veterinarian, and stable workers. Slaughter Decl. ¶¶ 58-59.

In sum, the witnesses to the various, intertwined occurrences from which this action arises appear to reside in both Arizona and California. At this time, it cannot be discerned which occurrences or which of plaintiff's claims will consume the majority of the Court's and the parties' time and attention throughout this litigation. Likewise, there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|---|---|---|---|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

is no way to determine at this time which witnesses will be able to provide important evidence bearing on the varied claims and defenses implicated herein, much less where these persons are located. Accordingly, the convenience of the witnesses factor weighs neutrally.

### iii.    Interests of Justice

In analyzing the "interests of justice," a number of factors are relevant, including: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (8) the ease of access to sources of proof, (9) presence of a forum selection clause, and (10) the relevant public policy of the forum state. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997). Weighing the numerous subfactors, the Court finds that the interests of justice weigh against transfer.

Plaintiff's employment was negotiated, at least in part, in California. While, as defendants argue, Arizona law may control plaintiff's wrongful termination claims, plaintiff's other claims for defamation and for breach of contract regarding the training of Van Cleve's horses are controlled by California law. Additionally, plaintiff's choice of forum is entitled to great deference. Ravelo Monegro v. Rosa, 211 F.3d 509, 513 (9th Cir. 2000). Moreover, as discussed *supra*, defendants' contracts with California are greater than are plaintiff's contacts with Arizona. With respect to the parties' contacts as they bear on plaintiff's claims, this subfactor, as discussed *supra*, militates against transfer. While defendants argue that many of the documents and materials necessary to adjudicate plaintiff's wrongful termination claims -- including LP's and GRI's financial records -- are located in Arizona, this circumstance does not pose an insurmountable barrier to proceeding with this action in this forum.

On balance, these subfactors indicate that California is at least as suitable a venue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV-07-6599 CAS (FFMx) | Date | December 10, 2007 |
|----------|----------------------|------|-------------------|
| Title | DONALD J. SLAUGHTER v. ALEXANDRA VAN CLEVE; ET AL. | | |

for the instant action as is Arizona.  Considering all three factors set forth in § 1404(a), the Court finds and concludes that defendants have failed to carry their burden of showing that transfer is warranted.

Accordingly, the Court DENIES defendants' motion to transfer venue.

**III.   CONCLUSION**

In accordance with the foregoing, the Court DENIES plaintiff's motion to remand. Additionally, the Court DENIES defendants' motions to dismiss and to transfer.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |